CHAMBER OF COMMERCE OF MINNEAPOLIS et al. v. FEDERAL TRADE
COMMISSION OF THE UNITED STATES et al.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1922.)

No. 222.

1. **Courts ⬉404—Trade-marks and trade-names and unfair competition ⬉80½,
New, vol. 8A Key-No. Series—Circuit Court of Appeals has no jurisdiction to
issue certiorari to review preliminary orders of Trade Commission.**

A petition for writ of certiorari to review preliminary orders of the
Trade Commission denying motions to dismiss the proceedings before the
hearing seeks certiorari as an original writ, which the Circuit Court of
Appeals has no jurisdiction to issue in a case where it is not in aid of
appellate jurisdiction acquired or for the protection of appellate juris-
diction not yet acquired, but which otherwise might be defeated, and is
not specifically authorized by the Federal Trade Commission Act (Comp.
St. §§ 8836a–8836k).

2. **Trade-marks and trade-names and unfair competition ⬉80½, New, vol. 8A
Key-No. Series—Jurisdiction of Circuit Court of Appeals over Trade Com-
mission is limited to proceedings specified.**

The jurisdiction of Circuit Court of Appeals under the Trade Commis-
sion Act (Comp. St. §§ 8836a–8836k) is limited to the enforcement or va-
cation of the final orders of the commission as stated in section 5 of the
act, in view of other clauses in that section, and of section 9 giving the
District Court authority to enforce obedience to subpœnas and to issue
mandamus on the application of the Attorney General at the request of
the commission.

3. **Trade-marks and trade-names and unfair competition ⬉80½, New, vol. 8A
Key-No. Series—District Court cannot review preliminary orders of Trade
Commission.**

Though the language of Trade Commission Act, § 9 (Comp. St. § 8836i),
giving the District Court jurisdiction to issue mandamus to compel com-
pliance with the provisions of the act or any order of the commission made
in pursuance thereof, is very broad, it was intended to refer only to or-
ders of the nature involved in section 6, par. B (section 8836f), empowering
the commission to require specified reports and answers under oath or
otherwise, and does not give the District Court jurisdiction over orders
of the commission denying motions to dismiss proceedings before the
hearing.

4. **Trade-marks and trade-names and unfair competition ⬉80½, New, vol. 8A
Key-No. Series—Hearing before Trade Commission does not deny due process
of law, there being a review before Circuit Court of Appeals.**

Since a hearing is given before the Trade Commission before an order
is entered, and ultimate review by the Circuit Court of Appeals is pro-
vided, and the commission exercises administrative powers and imposes
no penalty, nor has power to make more than a finding of facts, which
requires confirmation by the Circuit Court of Appeals before any burden is
cast on the parties, there is no denial of due process of law.

5. **Trade-marks and trade-names and unfair competition ⬉80½, New, vol. 8A
Key-No. Series—Review of finding by administrative body is confined to ex-
istence of substantial evidence to support.**

The review of findings by an administrative body, such as the Federal
Trade Commission, which has been given authority by Congress to find
facts and make orders, is limited to determination whether such findings
and orders are supported by substantial legal evidence, in which case
they are conclusive, and it cannot be presumed the commission will pro-
ceed erroneously and in excess of its powers, and thereby impose upon a
party unnecessarily the expense incident to a hearing.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Review Order of the Federal Trade Commission of the United States of America.

Original petition for writ of certiorari by the Chamber of Commerce of Minneapolis and others against the Federal Trade Commission of the United States and others. Petition dismissed for want of jurisdiction.

David F. Simpson, of Minneapolis, Minn. (William A. Lancaster, John Junell, James E. Dorsey, Harold G. Simpson, and Leavitt R. Barker, all of Minneapolis, Minn., on the brief), for petitioners.

Adrien F. Busick and M. Markham Flannery, both of Washington, D. C. (W. H. Fuller, of Washington, D. C., on the brief), for respondents.

Before SANBORN and LEWIS, Circuit Judges, and VAN VALKENBURGH, District Judge.

VAN VALKENBURGH, District Judge. This is a suit filed originally in this court. The pleading is entitled "Petition for Writ of Certiorari to the Federal Trade Commission, and for Order Setting Aside Order of Federal Trade Commission Denying Motions." On or about December 7, 1920, the commission filed a complaint against the Minneapolis Chamber of Commerce, its officers and board of directors, the Manager Publishing Company, John H. Adams, and John F. Flemming, who are the petitioners herein, alleging that the commission had reason to believe, from a preliminary investigation made by it, that these petitioners were using unfair methods of competition in interstate commerce, in violation of the provisions of the act creating the Federal Trade Commission (Comp. St. §§ 8836a–8836k), and defining its powers and duties. In due time petitioners made and submitted a number of motions which, upon hearing before the commission, were denied by interlocutory order duly made and entered.

The preliminary motions referred to contained numerous specifications which, upon analysis, raise the following matters of substance: (1) The commission is without jurisdiction both of parties and of subject-matter. (2) The complaint states no cause of action. (3) The commission is biased and prejudiced against the petitioners. (4) The complaint is indefinite and uncertain in certain paragraphs. (5) The Federal Trade Commission Act is unconstitutional. Accordingly petitioners prayed that no issue of fact be joined or evidence received as to the allegations contained in certain paragraphs of the complaint and that the entire proceeding be dismissed. As an incident to this review they seek the issuance of a writ of certiorari requiring respondents to certify to this court, for review and determination, the preliminary order of which they complain.

[1] In our judgment certiorari, as such, will not lie, because this court has no power to issue the writ as original process, and because, further, we have not here presented a case where the writ is desired, as in the nature of an auxiliary process in aid of jurisdiction acquired; nor is it necessary for the protection of appellate jurisdiction before such jurisdiction is actually obtained, which otherwise might be de-

feated, nor to make the jurisdiction effectual, nor because of the absence of any other remedy. The writ, as asked, partakes largely of the nature of a writ of prohibition, but such is not justified by the circumstances in this case under any power conferred by statute upon Circuit Courts of Appeals.

What is really sought by petitioners is that this court should halt inquiry at the threshold, exercising, in effect, the powers of a court of original jurisdiction, in which a cause is pending, to rule in limine upon the propriety of the action and whether it should proceed further. The procedure invoked is similar, in effect, to that prevailing in a court of original jurisdiction, which has control of the successive steps of pleading, practice, trial, and final judgment or decree. But it must be remembered that this court has no original jurisdiction of this nature. Its functions, under the act before us, are confined to a review of certain acts of the Federal Trade Commission, which are specifically defined by the Congress. This act creates powers not otherwise conferred upon Circuit Courts of Appeals, and such courts are limited strictly to the powers thus specified. It was not intended that the Circuit Courts of Appeals should be drawn into original conduct of these investigations. If this court is to exercise plenary power and control in determining at the outset what party shall be dealt with, what investigation shall be made, and what recommendation submitted, then it has, in effect, been constituted an original trial tribunal of controversies of this nature. This was in no wise contemplated, nor would it comport with the legitimate practical functions of a court of this nature.

[2] The act itself clearly specifies when the jurisdiction of the Circuit Courts of Appeals may attach and to what extent that jurisdiction may be exercised. The power of the court is limited to the enforcement of the final orders of the commission to cease and desist, upon the application of the commission, and to review of such orders at the request of the party against whom such orders are made, and in such cases it has power to enforce, affirm, modify or set aside as it may deem proper. Immediately after these powers and duties are set forth in section 5 of the act this clause occurs:

"The jurisdiction of the Circuit Court of Appeals of the United States to enforce, set aside, or modify orders of the Commission shall be exclusive."

Manifestly this refers to the specific powers just previously recited, and this is made still more apparent by the clause which next follows, wherein it is said:

"Such proceedings in the Circuit Court of Appeals shall be given precedence over other cases pending therein, and shall be in every way expedited."

This provision is made still more obvious by subsequent provisions of the act, because in them it clearly appears that not all orders of the commission are within the exclusive jurisdiction of the Circuit Courts of Appeals. In section 9 the District Court is given authority to enforce obedience to subpoenas, and it is further provided that:

"Upon the application of the Attorney General of the United States, at the request of the commission, the District Courts of the United States shall have

jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of this act or any order of the commission made in pursuance thereof."

[3] The final language of this clause is very broad, but we are convinced that it is intended to refer only to orders of the nature of such as are involved in paragraph B of section 6, which empowers the commission to require, by general and specific orders, certain corporations to file specified reports and answers under oath or otherwise. We do not think this language was intended to give the District Court jurisdiction over orders such as that now before us. It is our judgment that neither the District Court nor this court has power under the act to interfere with the investigation and inquiry of the Commission, involving the taking of testimony and the finding of facts essential to the making of such an order as shall ultimately be passed upon by the Circuit Court of Appeals for enforcement, affirmance, modification, or setting aside.

[4] A hearing is granted before the Commission, and ultimate review by the Circuit Court of Appeals is provided; therefore there is no denial of due process. The Federal Trade Commission exercises administrative, not judicial, powers. The act provides no penalties, nor has the commission power to make more than a finding of facts, which requires confirmation by this court before any burden is cast upon the parties subjected to inquiry.

[5] Full provision for review is made, confined, of course, to the limited right of courts to review administrative or legislative acts. In cases arising under this law, injunctions to halt the taking of testimony have been uniformly denied. The powers conferred upon this commission are similar to those conferred upon the Interstate Commerce Commission, with the exception that the powers of the latter are more pronounced and potential. In all cases where Congress had lodged in administrative officers or boards power to find facts and make orders, such findings and orders are conclusive when supported by substantial legal evidence. The courts will not consider with nicety the weight of such evidence. Illustrations of this principle are to be found in many cases arising under the Land Department, the Post Office Department, and before the Interstate Commerce Commission. To halt this investigation before testimony is taken would be an invasion of the powers of the legislative and executive branches of the government.

The real gist of the complaint here is that it is claimed, and with plausibility, that the chief petitioner is not subject to the jurisdiction of the Federal Trade Commission; that the commission is proceeding erroneously and in excess of its powers; that the taking of the testimony before a final order can be made will be very expensive; and that a grievous burden is being inflicted upon petitioners, for which an ultimate setting aside of any order that may be made will not adequately compensate them. This is true in some degree of any order of the commission which may finally be set aside. The law does not contemplate that commissions of this nature will act arbitrarily nor without probable cause. It is, of course, conceivable that they may do so; but such a possibility cannot justify this court in exceeding its statutory

powers and authority. To do so would be to deny to the administrative and legislative branches of the government the powers and authority which have been conferred upon them, and which have been uniformly upheld by the courts. It may be desirable that the law should provide for a preliminary review of questions of jurisdiction either by the Circuit Courts of Appeals or by the District Courts; but, in the absence of such provision, we cannot assume that power.

The conclusion we have reached renders it both inappropriate and unnecessary to consider the other questions raised by petitioners. The petition must be dismissed for want of jurisdiction in this court to entertain it; and it is accordingly so ordered.