**UNITED STATES of America,**
**Plaintiff,**

v.

**Wayne A. PARKINSON, etc., et al.,**
**Defendants.**

**No. 16415.**

United States District Court
S. D. California, Central Division.

Oct. 21, 1955.

Laughlin E. Waters, U. S. Atty., Max Deutz, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Eugene M. Elson, Los Angeles, Cal., for defendants.

JAMES M. CARTER, District Judge.

This case poses the question as to whether the district court has *power* to order restitution in an injunction proceeding under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. §§ 331–392; Act of June 25, 1938, Chapter 675, 52 Stat. 1040.

The case is one of first impression under the Food and Drug laws, although the problem has been discussed recently in law reviews and journals.[1]

The matter was heretofore heard on an application for a preliminary injunction, and a decree of preliminary injunction was made and entered March 11, 1954. Thereafter a final consent judgment, as to permanent injunction only, was made and entered on November 5, 1954.

The complaint, in addition to praying for general injunctive relief, prayed "that the defendants be ordered to tender to all present and past purchasers of the drugs enumerated * * * a refund of all amounts collected by said defendants from said purchasers." By stipulation of the parties, the question is presented as to whether the district court had discretionary power, ancillary to its jurisdiction to grant injunctive relief under 21 U.S.C.A. § 332(a), to compel the defendants to refund to purchasers the money paid for the drugs involved in the action, and whether the court has jurisdiction to issue such an order. The question as to whether the court should *exercise* this power, if it possesses it, is reserved by the stipulation for further hearing if necessary.

21 U.S.C.A. § 332(a) reads:

"Injunction proceedings—Jurisdiction of courts

---

1. Rhyne, Penalty Through Publicity: FDA's Restitution Gambit, 7 Food, Drug, Cosmetic L.J. 666–680 (1952); Noland, Section 302(a) of the Federal Food, Drug and Cosmetic Act: Restitution Re-examined, 7 Food, Drug, Cosmetic L.J. 373–400 (1952); Lev, The Nutrilite Consent Decree, 7 Food, Drug, Cosmetic L.J. 56, 65–67 (1952); Developments in the Law—The Federal Food, Drug, and Cosmetic Act, 67 Harv.L.R. 632, 718–720 (1954); Levine, Restitution—A New Enforcement Sanction, 6 Food, Drug, Cosmetic L.J. 503–514 (1951); Goodrich, Modern Application of an Ancient Remedy, 9 Food, Drug, Cosmetic L.J. 565–572 (1954); "Restitution in Food and Drug Enforcement," note in 4 Stan.L.Rev. 519–536 (1952).

"(a) The district courts of the United States and the United States courts of the Territories shall have jurisdiction, for cause shown, and subject to the provisions of section 381 (relating to notice to opposite party) of Title 28, as amended, to restrain violations of section 331 of this title except paragraphs (e), (f) and (h)–(j). [Act of June 25, 1938, chap. 675, Sec. 302, 52 Stat. 1043.]"

We are not concerned with the exceptions.

■ We start with the axiomatic premise that the district court is one of limited jurisdiction, and has only the power and the jurisdiction spelled out in the statutory enactments of Congress. We exclude from consideration the general equity power of the court called into play in a diversity suit, and also exclude those situations in which, by statute, the Congress has expressly provided that the court may exercise all the powers of a court of equity. We also exclude from consideration the power of a district court to *compel compliance with its orders when violated or threatened to be violated.* McComb v. Jacksonville Paper Co., 1949, 336 U.S. 187, 193, 69 S.Ct. 497, 93 L.Ed. 599; Section 332(b), 21 U.S.C.A., expressly makes reference to a violation of the injunction, and proceedings thereon.

The plaintiffs predicate their argument on analogy to (a) the Rent and Price Control cases, (b) Fair Labor Standard cases, and (c) the Antitrust cases.

### 1.

*The Rent Control cases.*

In Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, the trial court and the court of appeals both held there was no jurisdiction under the statute to order restitution. The Supreme Court reversed. The statute involved was Section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(a), 56 Stat. 23, 33. It provided that the administra-

tor might apply to the appropriate court "* * * for an order enjoining such acts or practices, *or for an order enforcing compliance* with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, *or other order* shall be granted without bond." [Emphasis added.]

Section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(a), first reached the Supreme Court in Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. The Supreme Court held that the court could, under the statutory language involved, fashion an appropriate decree to obtain compliance, and at page 328, of 321 U.S., at page 591 of 64 S.Ct., said:

"It seems apparent on the face of § 205(a) that there is some room for the exercise of discretion on the part of the court. * * * Though the Administrator asks for an injunction, some 'other order' might be more appropriate * * *. Such an order, moreover, would seem to be a type of 'other order' which a faithful reading of § 205(a) would permit a court to issue in a compliance proceeding."

In the Warner Holding case, supra, the Supreme Court, in reversing, rested jurisdiction to issue a mandatory restitution order on two theories, (1) "as an equitable adjunct to an injunction decree" and (2) "as an order appropriate and necessary to enforce compliance with the Act." 328 U.S. at page 399–400, 66 S.Ct. at page 1089. It said at page 399 of 328 U.S., at page 1089 of 66 S.Ct.:

"As recognized in Hecht v. Bowles * * * the term 'other order' contemplates a remedy other than that of an injunction or restraining order, a remedy entered in the exercise of the District Court's equitable discretion."

Both the Hecht Co. case, supra, and the Warner Holding Co. case, supra, con-

sidered legislative history of the statute and Sen.Rep. 931, 77th Cong. 2d Session.[2]

A portion of the report, quoted in the Warner Holding Co. case, supra, read, " 'Such courts are given jurisdiction to issue whatever order to enforce, compliance is proper in the circumstances of each particular case.' " 328 U.S. at page 401, 66 S.Ct. at page 1090.

Subsequently, the Supreme Court in U. S. v. Moore, 1951, 340 U.S. 616, at page 619–620, 71 S.Ct. 524, at page 526, 95 L.Ed. 582, referring to its decision in Porter v. Warner Holding Co., supra, stated:

> "This Court reversed, concluding that an order of restitution was a proper 'other order.' This interpretation was required to give effect to the congressional purpose to authorize whatever order within the inherent equitable power of the District Court may be considered appropriate and necessary to enforce compliance with the Act.  *  *  *
>
> "Adhering to the broad ground of interpretation of the 'other orders' provision adopted in the Warner case, we think the order for restitution entered by the District Court in this section was permissible under § 206(b)." [3]

We are constrained to believe that Porter v. Warner Holding Co., supra, is authority upon the second proposition, namely that a district court had power to grant an order appropriate and necessary to enforce compliance with the Act, based upon the particular wording of the statute. The other ground was not necessary for the decision. Al-

though considered as dicta, it bears great weight, nevertheless we do not believe that the holding of the Warner case should be so extended.

Since the statute in the case at bar does not contain the reference to "an order enforcing compliance" or "other order" we do not consider the rent cases as decisive of our problem.

2.

*The Fair Labor Standards cases.*

The Fair Labor Standards Act, 29 U. S.C.A. §§ 201–219, and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. §§ 301–392, were enacted on the same day. June 25, 1938, 52 Stat. 1060 and 1040 respectively. Both statutes contained provisions for equitable relief that were almost identical.[4]

Several appellate court cases ruled that restitution of back pay could properly be ordered as an adjunct to an injunction under Section 17 of the Fair Labor Standards Act, Section 217, U.S. C.A. Title 29, which required the rehiring of a discharged employee. McComb v. Frank Scerbo & Sons, 2 Cir., 1949, 177 F.2d 137, 138–139; Walling v. O'Grady, 2 Cir., 1949, 146 F.2d 422, 423. Cf. Walling v. Miller, 8 Cir., 1943, 138 F.2d 629, which held that the district court had power to embody a restitution order in a consent decree.

The Supreme Court however, never ruled on the question expressly, leaving it open in McComb v. Jacksonville Paper Co., 1949, 336 U.S. 187–193, 69 S.Ct. 497, 93 L.Ed. 599.

But Congress, concerned with the appellate courts' interpretations of Section 17 of the Fair Labor Standards Act, Sec-

---

2. The Hecht case cited page 25, the Warner Holding case page 10 of the report.

3. U. S. v. Moore, involves section 206(b) of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, § 1896 (b). This section contains the same "other order" language found in Section 205(a) of the Emergency Price Control Act of 1942, involved in Porter v. Warner Holding Co., supra.

4. Section 17 of the Fair Labor Standards Act, 52 Stat. 1069:

"The district courts of the United States and the United States courts of the Territories and possessions shall have jurisdiction, for cause shown, and subject to the provisions of section 20 (relating to notice to opposite party) of the Act entitled 'An Act to supplement existing laws against unlawful restraints and monopolies, and for other purposes', approved October 15, 1914, as amended (U.S.C. 1934 edition, title 28, sec. 381), to restrain violations of section 15."

tion 217, U.S.C.A. Title 29, amended the section to provide in express terms that restitution was not authorized under the section, Act of Oct. 26, 1949, Chapter 736, § 15, 63 Stat. 919, and other statutory provisions were enacted relating to restitution suits.[5]

This blunt repudiation by Congress of the asserted powers of a district court to order restitution under Fair Labor Standards Act, with its almost identical provision to that of Section 302(a) of the Food and Drug Act, Section 332(a), Title 21, U.S.C.A., is significant and convincing insofar as this court is concerned.

## 3.

*The Antitrust cases.*

The government also relies for authority on the injunction suits to restrain violations of the Sherman Act, 15 U.S.C.A. § 4, where the courts have sustained the remedy of divestiture; and cites Schine Chain Theatres, Inc., v. United States, 1948, 334 U.S. 110, 68 S.Ct. 947, 92 L.Ed. 1245, holding divestiture to be an equitable remedy and comparing it to restitution; and United States v. Paramount Pictures, 1948, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260 to the same effect.

We are not convinced. The Sherman Act in Section 4, Title 15, U.S.C.A., Act of July 2, 1890, Chapter 647, § 4, 26 Stat. 209 as amended, provides, "The several district courts of the United States are invested with jurisdiction to *prevent* and *restrain* violations of sections 1–7 of this title; and it shall be the duty of the several district attorneys of the United States * * * under the direction of the Attorney General, to *institute proceedings in equity* to *prevent* and *restrain* such violations." [Emphasis added.] This language, read as a

whole, clearly empowers the district court with all the remedies of equity. The decisions cited above are then easily understood.

Nor is divestiture as applied by the courts, the equivalent of restitution. Divestiture requires the defendant to *sell his offending interest or stock or properties or to divest himself of his holdings.* He is deprived of the offending property at a price. He is not required to restore monies to his competitors by such a decree, though they may, in certain instances, have the remedy of a treble damage suit expressly provided by statute.

## Conclusion

There are fundamental differences in purpose between the Rent and Price Control legislation and the Fair Labor Standards Act on the one hand, and the Federal Food, Drug, and Cosmetic Act on the other. They have been well stated by Rhyne, "Penalty through Publicity; FDA's Restitution Gambit, 7 Food, Drug, Cosmetic L.J. 666–680 [1952],

"The payment of prescribed sums of money is the essence and purpose of the Fair Labor Standards Act, and also of rent and price control laws. Effectuation of the policies of these laws requires the payment of proper sums. But the Federal Food, Drug, and Cosmetic Act is not concerned with payment of money. Its purpose, or as much of it as is relevant here, is to prevent misbranding; that purpose can be accomplished by a restraining order."

Restitution, apart from its equitable considerations may also be considered punitive. It is a further method of punishing a defendant in that it requires him to pay over monies in his possession to others. There is a line of au-

5. Section 16(c), 29 U.S.C.A. § 216(c), was amended and Congress thereby created a special statutory pattern designed (1) to permit an independent suit by the Administrator to collect back pay on behalf of employees, and (2) to protect employers from double litigation by declaring that the employee's consent to such suit constituted a waiver of the employee's statutory right to sue in his own behalf.

thorities that "An injunction is primarily a preventive remedy; it looks to the future rather than to the past. It is not for the purpose of punishing for wrongful acts already committed", Hygrade Food Products Corp. v. United States, 8 Cir., 1947, 160 F.2d 816, and cases cited at page 819; Minneapolis & St. Louis Ry. Co. v. Pacific Gamble Robinson Co., 8 Cir., 1950, 181 F.2d 812 at page 814; American Chicle Co. v. Topps Chewing Gum, 2 Cir., 1954, 210 F.2d 680 at page 683.

We conclude that the remedy of restitution is not within the powers of the district court under the statute. The Food, Drug, and Cosmetic Act has provided the sanctions of (1) criminal prosecution and punishment of violators, 21 U.S.C.A. § 333, (2) seizure of goods shipped in violation of the Act, 21 U.S.C.A. § 334(a), and (3) injunctions against further violations, 21 U.S.C.A. § 332(a). There is no indication in Congressional history that supports any other sanction or specifically the power to order restitution under the Food, Drug, and Cosmetic Act. The contrary was true in the Congressional history of the Emergency Price Control Act.

The government's arguments that such power in a district court, is necessary to effect the essential objectives of the Act and to protect the public's pocketbook, should be addressed to Congress, not to a district court. The jurisdiction and power of this court stem not from things necessary or desirable, but from Congressional action.

The defendants will submit an order denying plaintiff relief under its prayer for restitution. Pursuant to the stipulation of the parties there remains nothing further to be done in this case. This order denying such relief concludes the case and should therefore be final and appealable.