NASH–FINCH COMPANY, a Delaware corporation, Plaintiff,

v.

The FEDERAL TRADE COMMISSION, Paul Rand Dixon, Chairman, Sigurd Anderson, Philip Elman, A. Everette MacIntyre, and A. Leon Higginbotham, Jr., individually and as members of the Commission,

and

Raymond J. Lynch, Edward G. Gruis and Avrom Landesman, individually and as employees of the Commission, Pennsylvania Avenue at 6th Street, N.W., Washington 25, D. C., Defendants.

4–63 Civ. 460.

United States District Court
District of Minnesota.
Fourth Division.
Aug. 10, 1964.

Raymond A. Scallen and Seward R. Moore, Minneapolis, Minn., and J. Wallace Adair and Robert W. Steele, of Howrey, Simon, Baker & Murchison, Washington, D. C., for the plaintiff.

Miles W. Lord, U. S. Atty., and John J. Connelly, Asst. U. S. Atty., Minneapolis, Minn., and James McI. Henderson, General Counsel, J. B. Truly, Asst. General Counsel, and Harold D. Rhynedance, Jr., and Gerald J. Thain, Attorneys, Fed-

eral Trade Commission, Washington, D. C., for defendants.

NORDBYE, District Judge.

A brief recital of the factual background which now covers over twenty years seems quite necessary. On September 12, 1941, an administrative complaint was issued by the Federal Trade Commission against the plaintiff, Nash-Finch Company, and its subsidiary, C. H. Robinson Company, a North Dakota corporation, charging a violation of Section 2(c) of the Robinson-Patman amendment to the Clayton Act, 15 U.S.C.A. § 13(c). On January 6, 1947, in view of the admissions of the respondents, there was issued a cease and desist order. No petition for review of said order was filed in the United States Court of Appeals, and therefore the 1947 order did not become final so far as any enforcement thereof is concerned. On or about February 23, 1949, respondent C. H. Robinson Company (North Dakota) was dissolved and thereafter a new corporation called C. H. Robinson Company was organized and is now existing under the laws of the State of Minnesota. The Commission contends that the C. H. Robinson Company (Minnesota) is the successor to the brokerage business formerly conducted by the C. H. Robinson Company (North Dakota). It appears that in the year 1957 the Commission contended that the Nash-Finch Company and the C. H. Robinson Company (Minnesota) may have violated the cease and desist order of January 6, 1947. A proceeding was instituted before the Commission on November 5, 1957, and a public investigational hearing was ordered for the purpose of determining the extent, if any, of the violations which may have occurred. This 1957 order provided, in part,

"IT IS FURTHER ORDERED that a hearing examiner be designated to preside at such hearing with all the powers and duties as provided by Section 3.15 of the Commission's Rules of Practice, except that of making and filing an initial decision; and upon completion of the hearing that he shall certify the record to the Commission with his report upon the investigation; and that respondent shall have the right of due notice, of cross-examination, production of evidence in rebuttal; and that the hearings shall be conducted in accordance with the Commission's Rules of Practice for adjudicative proceedings insofar as such rules are applicable." [1]

Thereafter, on September 14, 1959, the Commission terminated the proceeding believing that the 1959 amendment to the Clayton Act, 15 U.S.C.A. § 21, was applicable. However, after its dismissal order of September 14, 1959, and in view of the Commission's contention that the 1959 amendment applied, Nash-Finch instituted an action in the District Court for the District of Columbia under the Declaratory Judgments Act seeking a judgment that the amendment was not retroactive. The District Court of the District of Columbia agreed with Nash-Finch as to the nonretroactivity of the amendment and, upon appeal, the District Court's order was affirmed. Federal Trade Commission v. Nash-Finch Company, 1961, 110 U.S.App.D.C. 5, 288 F.2d 407.

On February 1, 1963, the Commission issued an order which directed the holding of public hearings as to whether plaintiff had violated the terms of the 1947 cease and desist order. The order recites that the Commission "has reason to believe that respondent C. H. Robinson Company and Nash-Finch Company * * * may have violated the provisions of the said order to cease and desist," and ordered that "a public investigational hearing be conducted * * * pur-

---

1. It may be noted that with reference to the November 5, 1957, order, plaintiff at that time construed the order with the following observation: "Such an investigational hearing under Commission pro- cedures was a condition precedent to the institution of appropriate enforcement proceedings in a Court of Appeals under Section 11 of the Clayton Act."

suant to Rule 1.34 and related rules of the Commission's Rules of Practice," stating, in part,

"IT IS FURTHER ORDERED that the Chief Hearing Examiner hereby appoint and designate a hearing examiner to preside at such hearing with all the powers and duties as provided by Section 4.13 of the Commission's Rules of Practice, except that of making and filing an initial decision; and upon completion of the hearing, that the hearing examiner shall certify the record to the Commission with his report on the investigation; and that respondents C. H. Robinson Company and Nash-Finch Company shall have the right of due notice, of cross-examination, of production of evidence in rebuttal, and that the hearing shall be conducted in accordance with the Commission's Rules of Practice for adjudicative proceedings insofar as such rules are applicable."

It may be noted that the above paragraph is worded in substantially the same language as that found in the terminated order of November 5, 1957.

In accordance with the Commission's order of February 1, 1963, a Hearing Examiner was appointed and thereafter motions to quash subpoenas were heard, pre-hearing memorandums were filed by counsel for the Commission before the Examiner in order to simplify the issues, respondents made a motion for clarification of the February 1, 1963, order, and for the promulgation of rules which should apply, and in addition the respondents requested the Commission to dismiss the hearings and in the alternative to promulgate an order of clarification in explicit detail so as to enable the respondents to determine the nature and scope thereof. The Commission under date of November 4, 1963, filed its memorandum herein in response to respondents' petition, stating as follows:

"Nash-Finch Company, by petition filed October 14, 1963, has requested the Commission to dismiss the investigational hearing initiated by the Commission's order of February 1, 1963, on the ground that such investigation is not within the Commission's statutory right and authority. In the alternative, petitioner requests clarification of the order, asserting that it wishes to determine the precise nature and scope of the proceeding and the procedure to be followed in the conduct thereof.

"The Commission's order of February 1, 1963, directs that a 'public investigational hearing' be conducted to ascertain the extent to which C. H. Robinson Company and Nash-Finch Company may have violated the provisions of the order to cease and desist entered against these parties on January 6, 1947. It is well settled that the conduct of such a proceeding is within the authority of the Commission,[1] and petitioner's request for dismissal of the investigation is hereby denied.

"We next consider the alternative request for clarification of the order. This order is in virtually the same language as that used in the Commission's order directing a formal investigation to determine compliance with the order to cease and desist in Washington Fish & Oyster.[2] As a part of its application to the Court for enforcement of the order to cease and desist in that case, the Commission filed a report in which it found, on the basis of its investigation, that the company had violated the order. The company moved to strike that part of the application pertaining to the investigation, including the filing of the record thereof in the enforcement action. The Court, after observing that Congress provided for the Commission to apply to a United States Court of Appeals for enforcement 'if such person fails or neglects to obey a cease and desist order,' pointed out that Congress must, therefore, have expected the Commission to first determine the 'fact of violation.' Noting

that the procedure to be followed by the Commission in determining the fact of violation is not spelled out in the Clayton Act, the Court declared that any reasonable and fair method or procedure not forbidden by statute would be appropriate. The Court then ruled that in the Commission's investigational hearing there had been compliance with all requirements of statute and rule concerning procedure in that the company had full opportunity to cross-examine all witnesses and examine all documents and had full opportunity to contest the issue of violation of the order by introducing evidence. Additionally, the Court held that this record constituted 'pleadings, evidence, and proceedings before the agency' within the meaning of Section 2112(b) of Title 28, United States Code,[3] and that it was properly filed as a part of the enforcement action.

"The order herein directs that the parties under investigation be accorded all of the rights and privileges provided in the Commission's Rules of Practice governing hearings in adjudicative proceedings [4] which may be appropriate in a formal investigation. This, of course, includes the rights referred to by the Court in Washington Fish & Oyster, as well as others, one of which is the right of interlocutory appeal. Thus, if one of the parties is of the view that a particular ruling by the examiner is not in accordance with the Commission's direction or is otherwise improper, the rules prescribe the procedure for obtaining a review of such ruling.

"Since the issuance of its order herein on February 1, 1963, the Commission has made certain revisions in its Rules of Practice.[5] The rules revised include those specifically referred to in the order, and for the purpose of removing any question as to which rules now apply to this proceeding.

"IT IS ORDERED that the Commission's order issued herein on February 1, 1963, be, and it hereby is, amended by striking 'Rule No. 1.34' from line three on page 4 thereof and substituting therefor 'Section 1.35,' and by striking 'Section 4.13' in line eight on page 4 thereof and substituting therefor 'Section 3.15.'

"By the Commission, Commissioner MacIntyre not concurring.

"SEAL

"Joseph W. Shea,
"Secretary,
"ISSUED: November 4, 1963"

---

1. 'We hold that by virtue of the statutes cited the Commission had authority to conduct the questioned formal investigation as to the violations of the cease and desist order of March 25, 1946.' Federal Trade Commission v. Washington Fish & Oyster Co., Inc., 271 F.2d [39] 42 (9th Cir. 1959).

2. Ibid.

3. '(b) The record to be filed in the court of appeals in such a proceeding (to review or enforce an order of an administrative agency) shall consist of the order sought to be reviewed or enforced, the findings or report upon which it is based, and the pleadings, evidence, and proceedings before the agency, board, commission, or officer concerned, * * *.'

4. Rules of Practice, Procedures and Organization, 27 Fed.Reg. (1962), Part 4, Subpart E.

5. Rules of Practice, Procedures and Organization, 28 Fed.Reg. (1963)."

On December 19, 1963, this proceeding was commenced by the plaintiff, Nash-Finch Company, in this Court and entitled a "Complaint for Declaratory Judgment and Injunction." Jurisdiction is invoked under various statutes including Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., and the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202.

The relief which plaintiff seeks is as follows:

"1. That after final hearing, this Court enter its judgment declaring:

"(a) That the defendants' failure to state whether the sched-

uled hearings described above are adjudicative or investigative in nature, and the purpose of said hearings, deprives plaintiff of its fundamental right to a fair and impartial hearing; and

"(b) That defendants' failure to separately state and publish the functions of the examiner in said hearings, and the rules applicable thereto, deprives plaintiff of its rights under Section 3(a) of the Administrative Procedure Act.

"2. That after final hearing, this Court permanently enjoin said defendants, and each of them, their successors in office and all other persons now or hereafter acting in concert with them, from conducting any further hearings in *In the Matter of C. H. Robinson Company, a corporation, and Nash-Finch Company, a corporation,* Commission Docket 4589, until defendants have (a) informed plaintiff as to whether the hearings are adjudicative or investigative in nature, (b) the purpose of said hearings, (c) the functions and duties of the presiding official appointed to conduct said hearing, and (d) affirmatively promulgated the rules applicable to such proceeding as required by law."

■ It appears that only the first phase of the cease and desist order has been accomplished and that was achieved when the order was entered by the Commission on January 6, 1947. As heretofore stated, it has not become final in that the order never has been before the Court of Appeals. If the Commission believes that further violations have taken place, then under an acceptable procedure upon the showing made under its investigatory rules, it could apply to the Court of Appeals for an order of enforcement. The Court would appoint a Master, usually the Commission, and hearings would be conducted before a Hearing Examiner, who would report to the Commission, and thereupon findings would be made and submitted to the Court of Appeals for an enforcement order.

■ As a substitute, however, for this procedure, there is and has been in existence for some years an alternative procedure which may be followed, and that is, for the Commission to hold hearings in advance of going before the Court of Appeals for the appointment of a Master. After these hearings, the Commission, if it believes it should apply to the Court of Appeals for the appointment of a Master, will do so. If not, the proceedings may be abandoned. However, for the purpose of expediting the proceedings which are still applicable to this 1947 cease and desist order, the Commission holds an investigative type of hearing in advance of going to the Court of Appeals, and to such hearing the Commission applies its adjudicative rules. Under this alternative procedure, a Hearing Examiner is appointed and the Commission proceeds as if it had been appointed as a Master, and acts, so to speak, as a Master through the Hearing Examiner. The Commission contends that the plan which it has adopted eliminates one step, and yet accords to the respondent all the rights of due process to which it is entitled.

■ It seems clear that the Commission by virtue of its order of February 1, 1963, is now proceeding with an investigational hearing under its rules, with the provision, however, that in the investigation the respondents be accorded all the rights and privileges provided in the Commission's Rules of Practice governing hearings in adjudicative proceedings which may be appropriate in a formal investigation. The purpose of the hearings and the functions of the Hearing Examiner have been stated. Granted that the contemplated record which is to be made in pursuance of the February 1, 1963, order is intended as the basis for an ultimate adjudicatory order, plaintiff cannot complain if it is accorded due process in the hearings.

But plaintiff asserts a multitude of objections and complains that many alleged injustices will befall it if the present proceeding is permitted to continue. It

contends that the Hearing Examiner will not be independent or impartial, but will be under the domination of the counsel appointed to represent the Commission. It asserts that the Commission, in the alleged hybrid order which it has promulgated, will pick and choose the adjudicative rules which will be allowed and those which will not be allowed, and leave most of them in the "vague, never-never land." In addition, it asserts that the Commission already has conducted an investigation and has gathered a fund of material as to the alleged violations of the 1947 cease and desist order and the alleged connection with the C. H. Robinson Company of Minnesota therewith. It contends that if an investigational hearing is to be subjected to the adjudicative rules so far as they may be appropriate, a new set of rules under such procedure should be promulgated in compliance with Section 3(a) of the Administrative Procedure Act. And, among other things, which, of course, is utterly irrelevant here, it complains of the alleged harassment by the Commission in attempting to proceed under the 1959 amendment and only ceased when the Court of Appeals held that the amendment was non-retroactive. On the other hand, the Commission contends that the procedure adopted is substantially the same as that considered by the Court of Appeals in Federal Trade Commission v. Washington Fish & Oyster Co., supra, and in Federal Trade Commission v. Standard Brands, 189 F.2d 510 (2 Cir.). Plaintiff, however, takes the position that in these cases relied upon by the Commission, the questions here involved never were considered by the Court in that they were not specifically raised.

The preliminary matters which have been considered by the Hearing Examiner do not, as plaintiff fears, presage a denial of the rights which the adjudicative rules will afford to it. Differences between the Hearing Examiner and Commission's counsel as to appropriate procedure which should govern the proceeding do not reflect, as plaintiff suggests, domination of the Examiner by Commission counsel. In any event, the right of interlocutory appeals to the Commission remains inviolate. Whether the Commission, at the end of these proceedings, will abandon the investigation, or apply to the Court of Appeals for an enforcement order is not now apparent. At this time and at this stage of the proceedings, this Court cannot presume that due process will be denied the plaintiff, or that the Hearing Examiner will not be fair or impartial.

If, as the plaintiff asserts, the Commission already has completed its investigation, and there will be a mere perfunctory showing as to the violation of the cease and desist order, it necessarily follows that the investigation that the Commission allegedly has concluded must be made a part of the record by due proof before it can be considered by the Court of Appeals. And plaintiff is given the right of cross-examination, due objections to proffered evidence, and is in no way barred from introducing evidence which may negative and disprove any investigative data which the Commission allegedly has accumulated in support of its position. The soundness of any attempt by the Commission to expand the cease and desist order so as to include the C. H. Robinson Company is not a matter for this Court to prejudge in this proceeding.

■ This Court should not deny the Commission the reasonable discretion which necessarily must rest in it in proceedings to enforce a cease and desist order so long as the judicial rights of the plaintiff are safeguarded and so long as it is not deprived of a forum which will be available to it in the event any of its rights have been transgressed. Plaintiff cannot be harmed until an enforcement order is entered, and if it is denied the right of due process, these questions may be raised before the Court of Appeals. Moreover, this Court should not assume to prejudge the fairness or independence of the Hearing Examiner appointed by the Commission. The views of the courts

in Federal Trade Commission v. Washington Fish & Oyster Co., supra, and Federal Trade Commission v. Standard Brands, supra, are convincing authority for the approval of the procedure adopted herein. The cases cited by plaintiff do not weaken the authority of these cases. And see Chamber of Commerce of Minneapolis v. Federal Trade Commission, 280 F. 45 (8 Cir.).

■ There is no substance to plaintiff's contention that a new set of rules must be promulgated in accordance with Section 3(a) of the Administrative Procedure Act. The rules which will be applicable to this proceeding are the rules which already have been published under the Commission's investigative proceedings and under its adjudicative proceedings. Basically, the only question involved in this proceeding is whether plaintiff will be afforded a hearing as to the alleged violation of the 1947 cease and desist order which will comport with due process of law. If it is accorded the protection of the adjudicatory rules which the Commission states it will receive, then there is no reason to conclude that it will be denied due process. If the hearing does not bestow upon plaintiff due process, then the Court of Appeals may be expected to remedy, by due directive orders or otherwise, the breach of the promised due process which the Commission has not only outlined in the February 1, 1963, order, but reiterated in the November 4, 1963, order. The failure of the February 1, 1963, order to bestow any right in the Hearing Examiner to make an initial decision of the issues presented, is not violative of any rights of due process. The Court of Appeals will determine whether an enforcement order shall be entered.

The record presents no genuine issue of fact for the Court to determine. There is no substance to plaintiff's position that it will sustain irreparable damage if injunctive relief is not granted by this Court. Defendants' motion for a summary judgment should be granted, and plaintiff's motion for a summary judg-

ment should be denied. An order consistent herewith may be presented to the Court by the defendants on appropriate notice on September 14, 1964, at ten o'clock A.M. An exception is reserved.