UNITED STATES of America,
Plaintiff,

v.

HERBOLD LABORATORY, INC., a corporation, and Milton Herbold,
Defendants.

Civ. No. 65-27.

United States District Court
C. D. California.

May 1, 1967.

Manuel L. Real, U. S. Atty., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

J. E. Simpson, Los Angeles, Cal., for defendants.

## MEMORANDUM DECISION ON MOTION FOR NEW TRIAL

WILLIAM P. GRAY, District Judge.

The United States Attorney, under direction of the Attorney General pursuant to the request of the Federal Trade Commission, brought this action under 15 U.S.C. § 45(l) to recover civil penalties from the defendants for violation of a cease and desist order issued by the Commission. The defendants denied that their acts constituted violations of the order; a trial was had, and this court found for the plaintiff on each count and imposed a civil penalty as provided by the statute. Pursuant to a request made by the Government at the conclusion of the trial, the court included in its judgment a provision enjoining the defendants from committing further violations of the Commission's cease and desist order.

Upon motion for new trial, the defendants challenged virtually every aspect of the findings, conclusions and judgment. At the hearing on the motion, the court ruled from the bench against all of the defendants' contentions concerning matters pertinent to the imposition of the penalty. However, in his brief in support of his motion for new trial, and in his ably presented oral argument, the defendants' attorney caused the court to conclude that the matter of the injunction required re-examination; accordingly, the defendants' motion was taken under submission.

The defendants contend at the outset that for this court to purport to grant an injunction in the case here concerned would constitute an unlawful trespass upon the exclusive domain of the Court of Appeals (which is a traumatic thought for any district judge, particularly a new one, to contemplate). The basis for this argument is subsections (c) and (d) of 15 U.S.C. § 45, which provide that a person against whom a cease and desist order is issued by the Commission may obtain review by the Court of Appeals. That court is given the power, in the course of such review, to affirm, modify or set aside the order of the Commission, and to enforce such order by appropriate writs to the extent that it is affirmed. Subsection (d) provides that "Upon the filing of the record with it the jurisdiction of the court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive."

■■ It seems to me quite clear that subsections (c) and (d) provide for the participation of the Court of Appeals only for the purpose of reviewing an order of the Commission before it becomes final, and that once such review is undertaken neither the Commission nor any other entity has any jurisdiction to interfere in the matter. These provisions have nothing to do with proceedings under subsection (l) which may be instituted only after a cease and desist order "has become final" and the time for review has passed.

The defendants also rely upon United States v. Parkinson, 135 F.Supp. 208 (S.D.Calif.1955), and upon the affirming opinion in 240 F.2d 918 (9th Cir. 1956). In that case, the trial court granted the Government's request that it enjoin the defendants from further

violations of the federal Food, Drug and Cosmetic Act, which relief was specifically authorized by 21 U.S.C. § 332 (a). But the court refused to require the defendants to make restitution to all current and past purchasers of the drug involved, basing such refusal upon the fact that the statute did not specifically authorize this type of relief.

In affirming on appeal, the opinion of the Circuit Court said that "The use of the extraordinary remedies of equity in governmental litigation should never be permitted by the courts unless clearly authorized by the statute in express terms." (240 F.2d 918, 922) The attorney for the defendants correctly reminds us that section 45(*l*) contains no provision for an injunction, and suggests that *Parkinson* controls and precludes such relief.

However, the plaintiff calls attention to Mitchell v. Robert De Mario Jewelry, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960). There, the Secretary of Labor brought an action to enjoin an employer from violating section 15(a) (3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a) (3)), which provides against discharge or other discrimination against employees under specified circumstances. The trial court granted the injunction, but, as a matter of discretion, refused the plaintiff's prayer that the defendant be required to make reimbursement for loss of wages caused by the unlawful discharge or other discrimination. The Court of Appeals affirmed on the basis that the district court lacked jurisdiction to order such reimbursement, because any such jurisdiction " * * * must be expressly conferred by an act of Congress or be necessarily implied from a congressional enactment." (260 F.2d 929, 933 (5th Cir. 1958)) The Supreme Court reversed, and in its opinion quoted with approval from Porter v. Warner Holding Co., 328 U.S. 395, 397–398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946):

"'Thus the Administrator invoked the jurisdiction of the District Court to enjoin acts and practices made illegal by the Act and to enforce compliance with the Act. Such a jurisdiction is an equitable one. Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake. * * * [T]he court may go beyond the matters immediately underlying its equitable jurisdiction * * * and give whatever other relief may be necessary under the circumstances. * *

"'Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. "The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction." Brown v. Swann, 10 Pet. 497, 503 [9 L.Ed. 508]. * * *'" (361 U.S. 288, 291, 80 S.Ct. 332, 334.)

The opinion in *De Mario* further stated that:

"When Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equity to provide complete relief in the light of the statutory purposes. As this Court long ago recognized, 'there is inherent in the Courts of Equity a jurisdiction to * * * give effect to the policy of the legislature.' Clark v. Smith, 13 Pet. 195, 203 [10 L.Ed. 123]." (361 U.S. at 291–292, 80 S.Ct. at 335.)

In light of *De Mario* and Porter v. Warner, I believe the law to be that if this court has any equity jurisdiction

whatever with respect to the case at hand, all the inherent powers of an equity court are available to it, including the right to grant the injunction here challenged.

The defendants' attorney meets this proposition by contending that, unlike the situations in the cases that we have been discussing, the only remedy provided by Congress for the violation of the cease and desist order is the monetary penalty, and that this court has no equity jurisdiction whatever in this case. Is such contention correct?

As is indicated above, this case was brought under 15 U.S.C. § 45(l). The fourth paragraph of section 49 provides that:

"Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of sections 41–46 and 47–58 of this title or any order of the commission made in pursuance thereof."

Several years ago, it was suggested that, despite the express language of section 49, the grant of equity power therein contained should apply only to section 46(b), which empowers the Commission to require certain reports and other information. See Chamber of Commerce v. Federal Trade Commission, 280 F. 45, 48 (8th Cir. 1922). However, as was later pointed out in Fleming v. Lowell Sun Co., 36 F.Supp. 320, 325 (D.Mass.1940), rev'd on other grounds, 120 F.2d 213 (1st Cir. 1941), the second and third paragraphs of section 49 specifically authorized court action in furtherance of the powers granted the Commission by section 46(b), and therefore, the fourth paragraph of section 49 " * * * must refer to something besides requiring the testimony of witnesses and production of documentary evidence." The conclusion seems inescapable that section 49 means precisely what it plainly says and that the authority therein contained pertains to sec-

tion 45 as well as to the other specified sections of the act.

It is also worthy of note that in United States v. Vitasafe Corp., 234 F.Supp. 710 (S.D.N.Y.1964), the trial court imposed penalties for violation of a cease and desist order and enjoined further violations thereof, referring to section 45 as authority for the former and to section 49 as authority for the latter. The decision was affirmed in a *per curiam* opinion which also referred to the injunction as having been authorized by section 49. (352 F.2d 62 (2d Cir. 1965))

■ In light of all of the foregoing, it is my conclusion that in a case brought under 15 U.S.C. § 45(l) to impose a penalty for violation of a cease and desist order, this court does have jurisdiction to enjoin further violations or otherwise grant such equitable relief as circumstances indicate.

The defendants correctly point out, however, that here, unlike all of the other cases we have been discussing, the complaint did not plead the need for an injunction; the prayer did not specifically seek it; and only at the conclusion of the trial was the matter of injunction first raised. This is admittedly troublesome. On the other hand, the whole basis of the case is the fact that the defendants have been and still are under an order of the Commission that seeks to prevent them from making certain representations. The decision of the court was that they have been violating that order, and the injunction here concerned simply tells them not to do it again, at the peril of contempt proceedings rather than only at the risk of a new case being brought against them that would seek penalties under section 45(l). The requested injunction raised no new issues, and I cannot see how the defendants are unlawfully or even unfairly prejudiced if a court tells them not to do the very thing that they are already enjoined from doing by the Commission order which they more than once have violated.

■■ I am mindful of the general rule that "Ordinarily * * * an injunc-

tion will not be granted under a prayer for general relief". 43 C.J.S. Injunctions § 182, p. 866. Some comfort is found in the fact that the same citation contains a statement that there is some authority to the contrary. In any event, upon taking into consideration the circumstances hereinabove discussed, the possibility that the defendants might otherwise find it financially desirable again to violate the Commission's order and risk exposure to another suit under section 45(*l*), and the comparative expenditure of time and effort that the institution and prosecution of such action requires, it seems to me that the injunction heretofore imposed in this action is warranted.

The motion for new trial is denied, and the judgment entered on March 10, 1967, is in all respects reaffirmed.